**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JAMES THOMAS CARLAN,** | |
| *Petitioner*, | |
| **v.** | **CIVIL ACTION NO.** |
| | **5:25-cv-00338-TES** |
| **FLINT ENERGIES,** *et al.*, | |
| *Respondents.* | |

**ORDER DISMISSING CASE**

On August 11, 2025, the Clerk of Court received a Motion for Writs of
Mandamus and Prohibition [Doc. 1] and an Emergency Motion for Temporary
Restraining Order [Doc. 3] from Petitioner James Thomas Carlan. With respect to the
Court's filing fee, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc.
2]. Although the Court **GRANTS** Petitioner's motion to proceed *in forma pauperis*, it
**DISMISSES** this action **without prejudice** as frivolous and for failure to state a claim
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

A.     **Petitioner's Motions for Leave to Proceed *In Forma Pauperis***

District courts may allow a plaintiff—or petitioner, as is the case here—to file a
lawsuit without prepaying fees and costs under § 1915, which provides that:

> [Generally], any court of the United States may authorize the
> commencement, prosecution or defense of any suit, action or proceeding,
> civil or criminal, or appeal therein, without prepayment of fees or security

therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*].")". An application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. After reviewing the statements Petitioner makes in his application, the Court **GRANTS** his Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

> ## B.    <u>Legal Standards</u>

Since Petitioner is proceeding *in forma pauperis*, § 1915(e) requires the Court to review his pleadings to determine whether they are frivolous or malicious or fail to state a claim for which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). The Eleventh Circuit has determined that "§ 1915(e), which governs proceedings *in forma pauperis* generally[,] permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 1915(e)(2)(B)(ii)). The proper contours of the term "frivolous," have been defined by

the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints").

More specifically, to survive this initial review, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Operating on the assumption that the factual allegations in the complaint are true, such dismissal procedure streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* However, a complaint will survive under Rule 12(b)(6) if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft*, 556 U.S. at 678–79).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Neitzke*, 490 U.S. at 326. "To this end, [§ 1915(e)] accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] [petitioner], dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

C.    **Petitioner's Requests for Writs of Mandamus and Prohibition**

To begin, the Court notes that pleadings filed by pro se litigants are construed liberally, and their allegations are held to a less stringent standard than formal ones drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

Here, via his request for a writ of mandamus, Petitioner claims that "[s]ince January 2020," he has "tendered multiple negotiable instruments to Respondents for payment of electric utility services" and that Respondents have refused to accept these allegedly lawful payments or provide legal reasons for why they continuously refuse them. [Doc. 1, pp. 1–2]. To support his requested relief, Petitioner cites to various provisions of the  Uniform Commercial Code. [*Id.* at p. 2]. Generally speaking,

Petitioner contends that Respondents' actions—or their refusals to accept his "bills of exchange" and "remittance coupons" as a form of payment for utility services—not only "constitute" "a breach of contract" but violate the Due Process Clause of the Fourteenth Amendment to the Unted States Constitution. [*Id.* at pp. 2–4]; [Doc. 1-2, p. 1]. Specifically, Petitioner argues that Respondents should accept his allegedly lawful payments because the Supreme Court, in *Goldberg v. Kelly*, ruled that "access to essential public services cannot be denied without meaningful notice and opportunity to be heard." [Doc. 1, p. 3 (citing 397 U.S. 254 (1970))]. Petitioner's portrayal of *Goldberg*'s holding, however, is a bit misleading. *Goldberg* concerns welfare. In *Goldberg,* the Supreme Court held that "when *welfare* is discontinued, . . . a pre-termination evidentiary hearing" is required. 397 U.S. at 264 (emphasis added). "For qualified recipients, welfare provides the means to obtain essential food, clothing, housing, and medical care." *Id.* Notwithstanding what appears to be Petitioner's effort to pay Flint Energies for utility services either for a business or through a *business* checking account, he seeks a writ of mandamus and a writ of prohibition to essentially force Respondents to accept what he alleges are "lawful payments." [Doc. 1, pp. 2, 4]; *see, e.g.,* [Doc. 1-3, p. 5 (check #120 from "Alternative Pain Solutions, LLC" made payable to "Flint EMC")].

When reviewing Petitioner's allegations through the legal standards discussed above, the Court concludes that his requests for the sought-after writs are frivolous and fail to state a claim upon which relief may be granted. The most material deficiency is

that no federal district court can grant the relief he seeks.[1] Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed" to a complaining party. 28 U.S.C. § 1361. "Federal courts have no jurisdiction to issue writs of mandamus" unless the defendants or respondents named in the lawsuit are "officers or employees of the United States or any agency thereof." *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (citation omitted). As such, federal district courts lack authority to issue writs of mandamus against the individuals Petitioner names as Respondents, and the Court must **DENY** his Motion for Writ of Mandamus [Doc. 1].

Further, under the All Writs Act, 28 U.S.C. § 1651, Congress has conferred jurisdiction on the federal courts to issue writs of prohibition only "in aid of" their "respective jurisdictions." 28 U.S.C. § 1651(a); *McIntire v. Wood*, 11 U.S. 504, 505–06 (1813) (no jurisdiction under contemporary All Writs Act over action seeking writ of mandamus based on federal law). "The All Writs Act authorizes writs 'in aid of [the courts'] respective jurisdictions,' and thus does not provide an independent basis of federal subject-matter jurisdiction." *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1070 (11th Cir. 2001) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). Simply put, a litigant

---

[1] Pursuant to Federal Rule of Civil Procedure 81(b), writs of mandamus have been abolished and do not exist in federal court procedure.[1] In relevant part, Rule 81(b) states: "The writs of scire facias and mandamus are abolished." Fed. R. Civ. P. 81(b).

cannot sue invoking only a federal district court's All Writs power. *Id.* It is thus well settled that federal district courts may issue such writs only if there is an independent basis for subject-matter jurisdiction. *See McIntire*, 11 U.S. at 505–06 (no jurisdiction under contemporary All Writs Act over action seeking writ of mandamus against state official based on federal law). There is no such basis here. Therefore, the Court must also **DENY** Petitioner's request for a writ of prohibition. *See* [Doc. 1, p. 4]; *see generally Lovett v. State*, No. 8:25-cv-603-SDM-NHA, 2025 WL 857727 (M.D. Fla. Mar. 19, 2025) (denying writs of mandamus and prohibition against state officials).

Even assuming (without deciding) Petitioner has a valid claim against Respondents, he has an adequate remedy at law—a suit for money damages.[2] Thus, the issuance of either writ requested would not be appropriate. Moreover, Respondents are not governmental entities. They are private parties. Via this action, it's clear that Petitioner seeks to hold Respondents liable for damages as a result of their alleged conduct. [Doc. 1, p. 4 (Petitioner's request that the Court "[a]ward compensation for lost instruments or unjust enrichment")]. However, as discussed above, requests for

---

[2] Even assuming, however, that the Court did not interpret Petitioner's filing as styled—as one seeking the issuance of a writ of mandamus and a writ of prohibition—but instead interpreted it as a complaint for money damages, he still fails to state a claim upon which relief can be granted. The rules of pleading are spelled out in the Federal Rules of Civil Procedure, and Rule 8(a) requires litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Petitioner's filings fall woefully short of complying with this rule because they fail to provide Respondents "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Johnson v. Oconee Ctr. Cmty. Serv. Bd.*, No. 5:24-cv-00208-TES, 2024 WL 4392378, at *3 (M.D. Ga. Oct. 3, 2024); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555–56 (2007).

issuance of writs of mandamus and prohibition against private parties for the allegations complained of here do not state a claim upon which this Court—or any federal district court for that matter—can grant relief. *See Crosby v. N.C.O. Fin. Servs., Inc.*, No. 5:06-cv-344-Oc-10GRJ, 2007 WL 141281, at *5 (M.D. Fla. Jan. 16, 2007) (holding that "the [c]ourt does not have the authority to issue a writ of mandamus based upon a claim against private parties for money damages"). Petitions for writs of mandamus and prohibition sought against private parties, like Respondents, are frivolous.[3]

### D.    **Petitioner's Constitutional Concerns**

With respect to Petitioner's allegation that Respondents' conduct violates, *inter alia*, the Due Process Clause of the Fourteenth Amendment, his claim is meritless. [Doc. 1, p. 4 (listing various constitutional amendments)]. Not only is Petitioner's "pleading" devoid of any factual allegation other than his conclusory statement that Respondents' "actions constitute . . . violations . . . and infringements of constitutional rights, including due process," but his constitutional claims fail simply because Respondents are not state actors. [*Id.* at p. 2]. The exclusive means for bringing a suit for damages in federal court for a constitutional violation is pursuant to 42 U.S.C. § 1983. Such claims, though, must be pressed against a state actor. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582

---

[3] A complaint is frivolous if it is "without arguable merit either in law or fact," *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.2001), such that the factual allegations are "clearly baseless," or the legal theories advanced are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993).

(11th Cir. 1995). To employ § 1983 as a remedy for a deprivation of constitutional rights, a litigant must show that the alleged deprivation was committed by a person acting under the color of state law—that is, by a state actor. *Id.* Purely private conduct is not within the reach of § 1983. However, a private individual or entity may be regarded as acting under the color of state law under certain limited circumstances, such as where a litigant is able to illustrate that the act of the individual or entity is attributed to the state, or where the actor was a person to whom the state may be held responsible. *See West v. Atkins*, 587 U.S. 42, 49–50 (1988). None of these circumstances are present in this case, though, and Petitioner's constitutional concerns regarding Respondents' conduct are meritless.

### E.   <u>Conclusion</u>

As discussed more fully above, Petitioner's request for issuance of writs of mandamus and prohibition against Respondents are not within this Court's authority, and Petitioner cannot assert claims under § 1983 against Respondents. The Court must, therefore, **DISMISS** this action **without prejudice** as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B)(i) and (ii). *See Bailey*, 226 F. App'x at 924 (affirming district court's frivolity-based dismissal of petition for writ of mandamus against defendants who were not officers or employees of the United States).

In light of this ruling, Petitioner's Emergency Motion for Temporary Restraining Order [Doc. 3] is **DENIED as moot**, and the Clerk of Court may **ENTER** Judgment and

**CLOSE** this case.

**SO ORDERED**, this 27th day of August, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT COURT**